**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.: 4:00–cr-607 |
| | ) | |
| vs. | ) | |
| | ) | |
| Eddie Thomas Jackson, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| ——————————————————— | ) | |

     This matter is before the Court on the defendant's motion to vacate his guilty plea and sentence pursuant to 28 U.S.C. § 2255.

     On November 8, 2000, Eddie Thomas Jackson ("defendant") was indicted for two counts of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922 and 924(e). On January 4, 2001, the defendant signed a plea agreement in which he agreed to plead guilty to one count of felon in possession of a firearm. The second count was dismissed on the government's motion. On January 17, 2002, this Court sentenced the defendant to 180 months in prison followed by five years of supervised release. The defendant's sentence was enhanced pursuant to the Armed Career Criminal Act.

     One of defendant's three prior convictions was a March 21, 1990 conviction for escape from the Marlboro County Jail in Bennettsville, South Carolina. On January 23, 2002, the defendant filed a notice of appeal claiming that his escape conviction was not a proper prior predicate conviction for sentencing enhancement purposes. On October 24, 2002, the Fourth Circuit affirmed the defendant's conviction and sentence, holding that the defendants

"conviction for escape was properly used as a prior felony conviction of a crime of violence." United States v. Jackson, 48 Fed. Appx. 902, 903 (4th Cir. 2002).

On December 13, 2002, the defendant commenced a pro se action attacking his conviction and sentence pursuant to 28 U.S.C. § 2255. On March 3, 2004, the Court dismissed the defendant's action. On March 12, 2004, the defendant filed a notice of appeal. On May 24, 2004, the Fourth Circuit Court of Appeals denied the defendant's appeal and a denied a certificate of appealability.

On December 2, 2005, the defendant moved for relief from the judgment pursuant to Rule 60(b). On May 24, 2006, the Court treated the defendant's motion as a successive collateral review application and denied the defendant's motion. On June 2, 2006, the defendant filed a notice of appeal. On June 6, 2006, the defendant filed a motion for reconsideration. On June 29, 2006, the Court treated the defendant's motion for reconsideration as a successive collateral review application and dismissed the motion without prejudice to allow the defendant to seek permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255. On July 11, 2006, the defendant filed notice of appeal. On October 3, 2006, the Fourth Circuit Court of Appeals denied the certificate of appealability and dismissed the appeal.

On November 20, 2006, the defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255, attacking his conviction and sentence. The defendant's motion to vacate is successive. "Review of successive applications is available only in limited circumstances." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). As amended, the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255 bars successive applications unless they contain

claims relying on:

> (1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 ¶ 8.

The defendant claims that the Fourth Circuit Court of Appeals' decision in United States v. Pressley is also a new, retroactively applicable constitutional rule. The defendant's argument is without merit. 359 F.3d 347 (4th Cir. 2004). The Fourth Circuit Court of Appeals holding in Pressley is not a previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

The defendant claims that he was improperly sentenced pursuant to Pressley. This allegation is without merit. In United States v. Pressley, the Fourth Circuit Court of Appeals held that escape did not qualify as a prior conviction because when Pressley was convicted in 1992, if one was captured in South Carolina, escape was a misdemeanor under South Carolina law punishable by not more than two years. See United States v. Pressley, 359 F.3d 347, 351 (2004)(S.C. Code Ann. § 24-13-410). However, at the time of the defendant's arrest, if an escapee was captured outside of South Carolina, the offense was a misdemeanor punishable by three years imprisonment. The defendant was captured in New Jersey. The Armed Career Criminal Act defines a violent felony as any crime punishable by more than one year of imprisonment. 18 U.S.C. § 924 (e)(2)(B). Therefore, the defendant's escape conviction qualifies as a prior conviction.

Because the defendant's motion is successive, this Court lacks jurisdiction to consider the

defendant's motion.  The Court denies the motion without prejudice to allow the defendant to

seek permission from the Fourth Circuit Court of Appeals to file a second or successive motion

pursuant to 28 U.S.C. § 2255.

**AND IT IS SO ORDERED**.

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

October 24, 2007
Charleston, South Carolina